UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. JACKSON, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EQUIFAX INFORMATION ) <br> SERVICES, LLC, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil No.14-CV-1060 JLS  (NLS) <br><br> **ORDER GRANTING MOTION TO ENFORCE SUBPOENA** <br><br> [Doc. No. 4] |

**I.     RELEVANT FACTS**

    **A.     Background Information**

Plaintiffs' representative Ronald A. Jackson filed a civil action in the Northern District of Georgia on behalf of members of a class who received purported firm offers of credit from defendants Equifax Information Services, LLC ("Equifax"), and Direct Lending Source, Inc. ("Direct Lending"). (Dkt. No. 1 at 2.)  The original complaint claimed that Equifax and Direct Lending used nonparty Vanzan Incorporated, d/b/a Response Makers ("Response Makers") as one of their key mail processors to send out purported offers of credit to consumers in financial distress. *Id*. at 3.  Plaintiffs believe that Response Makers possesses highly relevant documents including pre-screened lists generated by Equifax (that Equifax claims to not have retained) and sold to Direct

Lending, and other communications between defendants relevant to plaintiffs' case. *Id.*

Response Makers is located at 11072 Lopez Ridge Way, San Diego, California 92121, which is within this district. Plaintiffs presented evidence that on February 13, 2014, they served a third party subpoena on Response Makers' registered agent, Eric Rothschild, requesting production of "relevant documents within the scope of discovery." *Id.* Response Makers did not respond to the subpoena nor produce documents. *Id.* Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i),[1] plaintiff filed a motion to compel on February 28, 2014. (Dkt. No. 1.) On April 19, 2014, for good cause shown, the Court ordered the following:

1.  Response Makers shall file a response to the motion on or before May 16, 2014.
2.  Plaintiffs may file a reply in support of this motion on or before May 23, 2014.
3.  Unless the Court directs otherwise, the motion will be deemed submitted on the papers upon the filing of Plaintiffs' reply, or if no reply is filed, as of the due date of the reply.
4.  Plaintiffs shall serve a copy of the Order on Response Makers by May 2, 2014.

(Dkt. No. 3.) Response Makers did not file any response, and plaintiffs filed a reply in support of plaintiffs' motion to compel on May 25, 2014. (Dkt. No. 4.) Plaintiffs provided proof of service of this order on Response Makers. *Id.* at Ex. A.

**II.   DISCUSSION**

   **A.   <u>Legal Standard</u>**

Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774, 779 (9th Cir. 1994). Under Federal Rule of Civil Procedure 26, "parties may obtain discovery

---

[1] "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

regarding any non-privileged matter that is relevant to any party's claim or defense... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Federal Rule 45(d)(2)(B) allows a party to object to a subpoena if that party serves a written objection within fourteen days after service. A party who fails to obey a subpoena without adequate excuse may be held in contempt of the court for the district where compliance is required. Fed. R. Civ. P. 45(g).

### B. Relevance of Documents Sought

The documents sought are relevant because plaintiffs have established that they are reasonably calculated to lead to discovery of admissible evidence, and neither Response Makers nor the defendants have contended otherwise. In determining whether information sought is relevant, the party seeking information must first provide the court with its reasons for requesting the information, and its plans for how to use it. Fed. R. Civ. P. 26(b); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). Here, plaintiffs believe Response Makers has very relevant documents including copies of pre-screened lists generated and sold to Direct Lending by Equifax, various mail pieces and purported "firm offer" letters, and key communications between defendants. According to the Court in *Gonzalez*, "a district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt ... the court should be permissive." *Id.* at 681. The documents requested from Response Makers meet the low standard of relevance established by *Gonzalez* because plaintiffs have provided their reasons for requesting the information, and the information sought appears to be reasonably relevant to the underlying action. This court should therefore be permissive as it is the supervisor of discovery ancillary to an action in another district.

///

### C. Discovery Scope and Limitations

The Court may limit discovery that is privileged, protected, unreasonably cumulative, duplicative, can be obtained from some other source that is more convenient, or whose burden of production outweighs its probative value.[2] It is the burden of the nonparty to raise these objections. *Owings v. Hunt & Henriques*, 673 F. Supp. 2d 1104, 1107 (E.D. Cal. 2009); Fed. R. Civ. P. 45(e)(2)(A)(i-ii). A nonparty can be compelled to produce relevant documents in accordance with a subpoena when he fails to respond to a motion to compel and court's order to show cause. *Owings,* 673 F. Supp. 2d at 1107. In *Owings*, a nonparty failed to respond to a motion to compel and to the court's order to show cause. The court ordered that the nonparty be required to comply with the subpoena and produce responsive documents because the nonparty never contended that documents were privileged, irrelevant, or protected. *Id.* at 1107. Similarly, Response Makers has made no response to the subpoena, the plaintiffs' motion to comply with the subpoena, or the court order to file a response. Response Makers should thus be required to produce documents.

### III. CONCLUSION

Response Makers has failed to comply with the subpoena, failed to respond to plaintiffs' motion to compel despite this court's order, and failed to show good cause for withholding requested documents. Plaintiffs have established the relevancy of documents by stating the reasons for requesting the information. Response Makers has made no objections or requests that the court quash or modify the subpoena under any Federal Rule 26(b) limitation. Response Makers is in default of its obligations under the subpoena and will be required to produce requested documents.

---

[2] "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

## IV. ORDER

For good cause shown, the Court **GRANTS** plaintiffs' motion to compel. The court **ORDERS** that by June 30, 2014, Vanzan Incorporated, d/b/a Response Makers shall fully comply with the subpoena attached as Exhibit A to plaintiffs' motion to compel.

**IT IS SO ORDERED.**

DATED:  June 16, 2014

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court